UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.

CHIRAN J. KANTIPULY,

                    Defendant.
_____

**DECISION**
**and**
**ORDER**

**06-CR-65E(F)**

        By papers filed June 30, 2006 (Doc. No. 27), refiled July 10, 2006 (Doc. No. 29), Defendant moves for modification of his secured release conditions set by the court at $250,000 ("Defendant's Motion"). The Government's Response to Defendant's Motion was filed July 10, 2006 (Doc. No. 30) ("Government's Response") along with exhibits ("Government's Exh(s). __") opposing Defendant's request. Following oral argument conducted July 21, 2006, Defendant filed, in further support of Defendant's Motion, the Supplemental Affidavit of Fonda D. Kubiak, Esq. on August 3, 2006 (Doc. No. 33) ("Kubiak Affidavit") with exhibits ("Defendant's Exh(s). __"). On August 11, 2006, the Government filed its Response to Defendant's Supplemental Affidavit to Defendant's Motion (Doc. No. 34) ("Government's Response to Defendant's Supplemental Affidavit"). Further oral argument was deemed unnecessary.

        Based on its review of the record, the court finds Defendant has failed to account for the proceeds of the sale of property he previously owned at 7165 Tabbyman Walk, Mississauga, Ontario, in the amount of $318,000 (Canadian dollars). Government's Response to Defendant's Supplemental Affidavit at 3; Government's Exh. A at 5, 10. This conclusion is supported by a review of a copy of an Ontario Superior Court decree, Defendant's Exh. D ("the decree"), directing payment of $114,000 representing the net

proceeds of the sale of Defendant's property at 176 North Service Road, Grimsby, Ontario and ordering the sale of Defendant's property at 641 E. Skinnersville Road, Amherst, New York.  Kubiak Affidavit ¶ ¶ 10-14; Defendant's Exh. D ¶ ¶ 15, 16.  Nothing in the decree directs any disposition of the proceeds from the sale of the 7165 Tabbyman Walk property.  Therefore, the court finds Defendant retained $114,000 as proceeds of the sale of the 7165 Tabbyman Walk property and has failed to disclose whether and how such proceeds have been disposed of by Defendant, or whether such funds are presently available to Defendant.

Further, according to documents obtained by the Government during the course of its investigation of Defendant, Defendant has had prior and frequent travel to India, contemporaneous with the alleged fraud which is the basis of the indictment against Defendant in this case, Government's Response at 5; Government's Exh. B, and maintains bank accounts in India with undisclosed balances.  Supplement Affidavit of Trini E. Ross, Assistant United States Attorney, in Opposition to Defendant's Motion to Suppress Evidence, filed September 1, 2006 (Doc. No. 37) ¶ ¶ 6-7.  Thus, the court cannot agree that the amount of secured bail as established by the court is unreasonable based solely on Defendant's limited financial condition as Defendant contends.  See United States v. McConnell, 842 F.2d 105, 107 (5th Cir. 1988) (despite defendant's ties to the community, $750,000 secured bail condition in a bank fraud case not excessive under either Eighth Amendment or Bail Reform Act) (citing cases); United States v. Penaranda, 2001 WL 125621 *2 (S.D.N.Y. Feb. 13, 2001) (requirement of 18 U.S.C. § 3142(c) that financial condition of release not result in pretrial detention "cannot mean that a defendant without means to meet the financial conditions of his bail

must therefore be released."). "[A] bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the [monetary] requirement." *McConnell*, 842 F.2d at 107.  Moreover, as a co-Defendant who has pleaded guilty to the underlying charges will testify at trial against Defendant, the case against Defendant appears strong, and this fact remains unnegated by Defendant.

## CONCLUSION

Based on the foregoing, Defendant's motion (Doc. Nos. 27 and 29) is DENIED. As Defendant is now proceeding *pro se*, service of this Decision and Order shall be addressed to Defendant at the Niagara County Jail, or such other facility where he may be presently housed, and upon Fonda D. Kubiak, Esq., Defendant's former attorney. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
  LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: October 5, 2006
       Buffalo, New York