UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THE UNITED STATES OF AMERICA                                06-CR-65E

           -vs-                                                    MEMORANDUM
                                                                                and
CHIRAN J. KANTIPULY,                                        ORDER[1]
                Defendant.

_____

## INTRODUCTION AND BACKGROUND

      Chiran J. Kantipuly ("defendant"), is charged in a 128-Count Indictment with conspiracy to defraud the United States, mail fraud and wire fraud based on acts allegedly occurring between January 1999 and August 2003 in a purported  scheme to obtain money from Niagara Mohawk Power Company ("Niagara Mohawk").[2]  The indictment alleged that defendant and co-conspirator, Frank J. Grabowski ("Grabowski"), then an employee of Niagara Mohawk, conspired to submit and did submit, via telephone and mail, false invoices to Niagara Mohawk for services performed or products provided which were not, in fact, ever performed or provided. Grabowski allegedly would advise defendant with respect to where, when and how to submit the false invoices and, after submission of such, would authorize payment to defendant on Niagara Mohawk's behalf and defendant would, in turn, pay

_____

[1]This decision may be cited in whole or in any part.

[2]Defendant's arrest was originally sought on a criminal complaint, accomplished pursuant to an arrest warrant issued by Magistrate Judge Leslie G. Foschio, and therefore returnable before him.  After the indictment was returned, the matter was referred to Magistrate Foschio for Decision and Order for all pre-trial matters and to report and recommend with respect to dispositive matters.

Grabowski what is commonly known as a kickback.   On September 2, 2005, Grabowski pled guilty to one count of conspiracy to commit wire fraud and agreed to cooperate with the Government, which cooperation would necessarily include testifying against defendant at any trial in this case.

On May 26, 2006, defendant made what is commonly called Omnibus Motions, seeking various items and categories of discovery, both dispositive and non-dispositive in nature. (Dkt. #31).[3] This included a motion to suppress (1) Grabowski's testimony against defendant at trial, (2) evidence seized from defendant and (3) statements made by defendant at the time of his arrest.  On October 16, 2006, the Magistrate Judge entered a Decision and Order (Dkt. #50) resolving the non-dispositive discovery motions and also filed a Report and Recommendation (Dkt. #51) recommending denial of the suppression motion relating to all three categories of evidence sought to be suppressed.

On June 30, 2006, the defendant filed a motion for Reconsideration and Reduction of Bail previously set by the Magistrate Judge (Dkt. #27).[4] On October 5, 2006, the Magistrate Judge issued a Decision and Order denying the motion (Dkt. #43).

--------

[3]It is noted that, due to a docketing error, the Docket herein contains sporadic entries which are not in the proper date/numerical order.  This minor irregularity, however, has no substantive effect whatsoever on this case.

[4]Which was corrected on July 6, 2006 (Dkt. #29) and supplemented on August 3, 2006 (Dkt. #33).

Pending before the Court are defendant's objections to the Magistrate Judge's Report and Recommendation ("R&R") recommending denial of the suppression motion, appeal of the Decision and Order of the non-dispositive discovery motions (Dkt. #57) and appeal of the Magistrate Judge's Decision and Order denying the motion for reconsideration and reduction of bail (Dkt. #54) and also a motion for release from custody and review of the Magistrate Judge's aforementioned Decision and Order regarding bail (Dkt. #53).[5]

Familiarity with the facts is presumed, as they have been detailed in the previous Decision and Orders and R&R of the Magistrate Judge. The Court will first address a minor housekeeping detail. The defendant in this case is *pro se* and the objections and appeal of the Magistrate Judge's decisions and recommendations resolving the motions herein were made by defendant *pro se*. However, the underlying motions were made, briefed and argued before the Magistrate Judge by counsel representing the defendant at the time.[6]   Because defendant was

---

[5]On October 17, 2005 defendant filed a "Notice of Motion To Submit Objections For the Decision And Order Under Docket #06-CR-65E(F)#43" (Dkt. #54).  On October 18, 2006, a "Notice of Motion for Release From Custody and Review of Magistrate's Order Dated Oct 5/06" (Dkt. #53) was filed.  The Court construes these filings collectively as defendant's request for review and appeal of the bail determination under 18 U.S.C.§3145(a)(2).

[6]Defendant was originally represented by counsel, Charles J. Marchese, who prepared and filed the Omnibus Motions which contained the suppression motion.  Defendant fired Mr. Marchese and the Court recognized his termination on June 13, 2006.  Defendant then hired counsel, Fonda Dawn Kubiak, who prepared and filed the motion for reconsideration of the bail determination, replacing a *pro se* motion for the same relief made on June 13th and withdrawn on June 29th.  At this time, the parties acknowledged that Kubiak's representation was for the limited purpose of filing and arguing the bail reconsideration motion and presenting oral argument on the Omnibus Motions.  Hence, Ms. Kubiak was terminated on August 24, 2006 immediately subsequent to a court appearance in which she presented argument on these
(continued...)

represented by counsel with respect to these motions, any additional leniency or consideration that may be appropriate in *pro se* situations is not applicable when considering these motions and the Magistrate Judge's decisions and recommendations thereon. The Court will, however, construe defendant's objections and arguments on appeal as raising the strongest possible points, as they were filed *pro se.*

## DISCUSSION

**The Report and Recommendation Objections**

As previously mentioned, defendant's "objection" to the R&R was filed in conjunction with his "appeal" of the Decision and Order regarding discovery.[7] Even when construed liberally, the defendant provides no facts, information or argument regarding the suppression motion which the Court can construe as objections or individual bases for objections to the R&R. Rather, the gravamen of this document relates only to the discovery issues. The Court will, however, construe defendant's papers liberally and acknowledge that a general objection to the R&R has been properly filed.

---

[6](...continued)
motions. On September 29, 2006, after a hearing and detailed inquiry, the Magistrate Judge granted defendant's motion to proceed *pro se.* On October 3, 2006, standby CJA counsel, Judith M. Kubiniec was appointed.

[7]This document was filed *pro se* and titled: "Motion To Object Magistrate's Decision And Order Docket #50 Report & Recommendation Docket #51" (Dkt. #57).

A District Court "shall make a *de novo* determination of those portions of the

*** [R&R] to which objection is made." 28 U.S.C. §636(b)(1)(C); *United States* v.

*Raddatz*, 447 U.S. 667, 675-676 (1980); *Sieteski* v. *Kuhlmann*, 2000 WL 744112, at *1

(W.D.N.Y. 2000).   The Court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge", and may adopt those

parts of the R&R to which no *specific* objection is raised so long as such are not

clearly erroneous.   28 U.S.C. §636(b)(1)(C) (emphasis added).   Objections to a

Magistrate Judge's R&R in this District are also governed by Rule 58.2 of the Local

Rules of Criminal Procedure for the United States District Court for the Western

District of New York ("Local Rules").   Local Rule 58.2(a) requires these objections to

be specific, stating in pertinent part that:

> "The written objections shall specifically identify the
> portions of the proposed findings and recommendations to
> which objection is made and the basis for such objection
> and shall be supported by legal authority." Local Rule
> 58.2(a)(3).

It is clear that a *de novo* review is required when specific objections are

properly made.   However, when a party fails to object, or when the objections are

only generally made, procedural default may result or, at the court's discretion, the

objections may be reviewed for clear error.   *See, U.S.* v. *USA Remediation Services,*

*Inc.,* 2005 WL 1000023, *1 (W.D.N.Y. 2005) (failure to comply with local rules

governing the manner of objecting to a magistrate judge's findings justifies dismissal

of the objections); *Barratt* v. *Joie*, 2002 WL 335014, at *1 (S.D.N.Y. 2002) ("[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the R&R only for clear error"); *e.g., Almonte* v. *New York State Div. of Parole*, 2006 WL 149049 (N.D.N.Y. 2006) (specific objections reviewed under a *de novo* standard, while general objections, although they could have resulted in default, were reviewed under a clearly erroneous standard pursuant to the discretion of the court); *Gee Chan Choi* v. *Jeong-Wha Kim,* 2006 WL 3535931, *2 (E.D.N.Y. 2006) (plaintiff's objections merely requested a second opportunity to present the same issues already presented to the Magistrate without objecting to any specific portion of the R&R and were hence reviewed only for clear error).[8]  In the instant case, because the Court can, at best, construe defendant's objection to the R&R on this suppression issue only as a general one, pursuant to the discretion of the Court and in consideration of defendant's *pro se* status, it will be reviewed for clear error.

Under a clear error standard, a court will not overturn a previous ruling or finding unless, in light of all of the evidence in a case, the court "is left with the definite and firm conviction that mistake has been committed". *United States* v. *United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  After a thorough review of the

---

[8]The relevant language in Local Rule 58.2(a)(3) is verbatim of Rule 72.3(a)(3) of the Local Rules of Civil Procedure ("LRCvP") and case law construing one is equally applicable to the other.

R&R and the record herein, this Court finds no clear error in Magistrate Judge Foschio's findings of fact or conclusions of law regarding the suppression motion.

First, with respect to suppression of Grabowski's testimony, while Grabowski's testimony as a cooperating witness is certainly suspect, suppression of such is not warranted *per se* and an appropriate cautionary instruction to the jury at trial will be sufficient to address the nature of any claimed bias or untrustworthiness of the testimony. *United States* v. *Gleason*, 616 F.2d 2, 15 (2d Cir. 1979) (citing cases), *cert. denied,* 444 U.S. 1082 (1980).

Second, the search of defendant's person and property, including his automobile was done during the course of a routine border search for which no reasonable suspicion, probable cause or warrant is required, not even at the secondary inspection stage.  *United States* v. *Montoya de Hernandez*, 473 U.S. 531, 538 (1985); *United States* v. *Sanders*, 663 F.2d 1, 2-3 (2d Cir. 1981); *United States* v. *Bengivenga,* 845 F.2d 593 (5th Cir.) (*en banc*), *cert. denied,* 488 U.S. 924 (1988). Additionally, the search of defendant's person and automobile was subsequent to the referral to secondary inspection upon the border agent's discovery of the outstanding arrest warrant, after the existence of the warrant was confirmed and hence also properly taken in the course of the search incident to the arrest. *Knowles* v. *Iowa*, 525 U.S. 113, 116 (1998); *Illinois* v. *Lafayette*, 462 U.S. 640, 645 (1983); *United States* v. *Robinson*, 414 U.S. 218, 234 (1973).

Third, any statements made by defendant at the time of either his border stop or his arrest are not subject to suppression.  The government maintains that it is unaware of any such statements to be used at trial.  Nevertheless, any statements made in connection with the border stop and inspection are not considered to be custodial and are not subject to the constraints of *Miranda* v. *Arizona* [9]. *United States* v. *Silva,* 715 F. 2d 43, 46 (2d Cir. 1983); *United States* v. *Moody*, 649 F. 2d 124, 127 (2d Cir. 1981).  Further, upon determining that defendant was the subject of a federal arrest warrant, questioning by the border agent ceased and an FBI agent was called to the scene wherein the defendant was given the proper warnings pursuant to *Miranda* v. *Arizona,* made no statements and was permitted to contact his attorney.  Further, this Court notes, as the Magistrate Judge did, that defendant has not even asserted that he was questioned by either the border agent or the FBI agent regarding the circumstances underlying the arrest warrant or the instant criminal case.

Therefore, the findings, conclusions of law and the recommendation that the suppression motion be denied, as well as all other findings, conclusions and recommendations made by Magistrate Judge Foschio in his R&R dated October 16, 2006 are accepted and adopted herein.  It is accordingly

---

[9] 384 U.S. 436 (1966).

**ORDERED** that the defendant's objections (Dkt. #57) are overruled and the R&R, filed by Magistrate Judge Foschio on October 16, 2006 (Dkt. #51) is adopted in its entirety.

**Review of the Decision and Order regarding Discovery**

Defendant claims that the Magistrate Judge did not have jurisdiction to proceed on pretrial matters until this Court had issued the Order referring the case to him for such purpose on March 24, 2006 (Dkt. #19).   As a result, the defendant claims that the scheduling order issued by the Magistrate prior to that date (Dkt. #17) was *"void ab inito"* for lack of jurisdiction.   He goes on to complain, rather inconsistently, that the scheduling order was neither adhered to nor enforced.  All of this, however, is irrelevant because the discovery motion which is the subject of the Decision and Order and upon which defendant has sought review herein has nothing to do with jurisdiction or lack of enforcement.  The Omnibus Motion was made by the defendant on May 26, 2006 (Dkt. #31), clearly after this Court had referred the matter to the Magistrate Judge for pretrial and discovery purposes.   It is irrefutable, therefore, that the Magistrate Judge had full and appropriate jurisdiction under 28 U.S.C. §636(b)(1)(A) to enter his Decision and Order on October 16, 2006.

This Court may reconsider the rulings in such Decision and Order only "where it has been shown that [they are] clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).  Further, this Court acknowledges that "[a] magistrate's resolution of pretrial discovery disputes is entitled to substantial deference." *Travelers Ins. Co.* v.

*Monpere*, 1995 WL 591141, *1 (W.D.N.Y. 1995) (citing *Dubin* v. *E.F. Hutton Group Inc.* 125 F.R.D. 372, 373 (S.D.N.Y. 1989)).

The discovery motion sought exculpatory evidence pursuant to *Brady* v. *Maryland*[10] ("*Brady* material"), disclosure of the Grand Jury minutes for inspection to determine the sufficiency of the evidence, discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure ("F.R.Cr.P."), a list of witnesses to be called at trial and a bill of particulars.  The Decision and Order dismissed the motion for *Brady* material as moot (upon the government's representation that it was not in possession of any such material but would comply with its obligations to disclose such should it obtain or discovery such in the future), denied the motion for review of the Grand Jury minutes (finding that the defendant failed to establish the requisite particularized or immediate need for such), and denied the motion for a list of all witnesses to be called at trial, including a request construed as one for disclosure of the identity of any confidential informants (defendant failed to make a significant need for this prior to trial and failed to meet his burden under *Rosario* v. *United States*[11] with respect to the informant identity).  The motion also sought a broad list of items it requested as "discovery pursuant to F.R.Cr.P. 16".  The Magistrate Judge addressed these requests in detail, determining that some of the requested material

---

[10]373 U.S. 83 (1963).

[11]353 U.S. 53 (1957).

was considered to be Jencks Act[12] material and some was not.  Immediate disclosure of all of the requested material was denied (due to defendant's failure to demonstrate the need or potential prejudice in the absence of such disclosure) and any request for Jencks Act material was denied and nevertheless dismissed as moot upon the government's representation of its intent to comply with the Act at the appropriate time.  The Order also dismissed as moot a request for the criminal records of any trial witnesses pursuant to *Giglio* v. *United States* [13] upon the government's representation of its intent to comply with *Giglio* prior to any such witness's testimony.  As the government represented that it did not intend to offer an expert witness at trial and had not done any scientific testing on the evidence seized from defendant, such requests were also dismissed as moot.  Defendant's request for a Bill of Particulars was denied.  The government's limited cross-motion for discovery, to the extent that the defendant was in possession of the requested material, was granted.

After a thorough review of the Decision and Order and the record herein, this Court cannot find that any of Magistrate Judge Foschio's rulings therein were clearly erroneous or contrary to law.  Accordingly, it is hereby

---

[12]18 U.S.C.§3500.

[13]405 U.S. 150 (1972).

**ORDERED** that the defendant's appeal thereof (Dkt. #57) is hereby dismissed and the Decision and Order, filed by Magistrate Judge Foschio on October 16, 2006 (Dkt. #50) is affirmed in its entirety.

**Review of the Decision and Order regarding Bail**

The defendant herein was arrested on October 14, 2005 upon a criminal complaint and pursuant to an arrest warrant issued by Magistrate Judge Foschio. On October 24, 2006, after conducting a detention hearing, the Magistrate Judge denied the government's motion seeking detention and set bail in the amount of $250,000 cash plus conditions and ordered the defendant remanded until such posting of bail.   On January 23, 2006 defendant made a motion to modify the conditions of release which ostensibly sought to reduce the amount of bail and substitute other conditions in place thereof (Dkt. #9).   While this motion was pending, the indictment was returned.   Upon arraignment on the indictment on February 23, 2006, the Magistrate Judge ruled that the original bail determination was to be continued and further denied the motion to modify without prejudice.   On June 13, 2006, the defendant made a *pro se* motion for bail modification (Dkt. #22) which was withdrawn by newly retained counsel who then filed another motion for reconsideration and reduction of bail, corrected it and then supplemented it with the permission of the Magistrate Judge (Dkt. ## 27, 29, 33).   It is this motion which is the subject of the Decision and Order now under appeal.

The Magistrate Judge issued his Decision and Order denying the motion on October 5, 2006 (Dkt. #43). One of the bases for denial of the motion was the finding that defendant failed to account for the proceeds of the sale of property previously owned at 7165 Tabbyman Walk, Mississauga, Ontario in the amount of $318,000 (Canadian Dollars) and a further finding that the defendant retained $114,000[14] as proceeds from the sale of this property and failed to disclose whether or how such proceeds had been disposed or whether they were available for purposes of posting bail. The defendant contends that this finding is in error because it was based on improper assumptions and incorrect statements made by the court and/or the government. The Decision acknowledges that the findings were based upon the government's submissions and representations.

The defendant argues that the Tabbyman Walk property was sold and the net proceeds were used to buy property located at North Service Road, Grimsby, Ontario which was the subject of foreclosure proceedings, the details of which *were* disclosed to the court. The parties dispute the amount of proceeds the defendant received as a result of the resolution of the foreclosure proceedings, but it is clear that the amount is significantly less than the defendant would need to post bail as currently set.

In denying the motion, the Decision also noted defendant's "frequent travel to India, contemporaneous with the alleged fraud which is the basis of the indictment *** and maintains bank accounts in India with undisclosed balances." Defendant

---

[14]It was not stated whether this was in U.S. or Canadian funds or how the $114,000 figure was arrived at.

claims that the implication that defendant traveled to India in furtherance of the alleged fraud and hid the proceeds therefrom in India is not supported by any evidence and was improperly considered by the Magistrate Judge.  At oral argument on one of the bail motions herein, the government conceded that, although it *believed* that some of the proceeds of the alleged fraud were transferred to India, it had no such proof thereof and did not intend to attempt to prove such at trial.[15]

A District Judge, as the court of original jurisdiction, "may amend the conditions of bail subject only to the statutory standards applicable to the setting of bail, without any prior determination that the magistrate's order was clearly erroneous or contrary to law" and has the authority to make a *de novo* review of the Magistrate Judge's order of release despite the fact that it was not the releasing officer and regardless of whether review is sought by defendant or the government. *United States* v. *Zuccaro*, 645 F.2d 104, 106 (2d Cir.), *cert. denied*, 454 U.S. 823, 102 S.Ct. 110 (1981); *United States* v. *Spilotro*, 786 F.2d 808, 814 -15 (8th Cir. 1986); *United States* v. *Medina*, 775 F.2d 1398, 1401-02  (11th Cir. 1985); *United States* v. *James*, 674 F.2d 886 (11th Cir. 1982); *see also, United States* v. *Leon,* 766 F.2d 77, 80 (2d Cir.1985) (finding that a district court is to make a *de novo* determination in reconsidering an order of detention); *United States* v. *Colombo,* 777 F.2d 96, 100 (2d Cir.1985)(also related to an order of detention)*; United States* v. *Maull*, 773 F.2d 1479 (8th Cir.1985)(*en banc*) (under the Bail Reform Act of 1984, a district court conducts *de*

---

[15]Oral argument dated July 21, 2006.

*novo* review of magistrate determination in bail matters); *see generally, United States*

v. *Thibodeaux*, 663 F.2d 520 (5th Cir. 1981) (Bail Reform Act of 1966 conferred "a

responsibility on the district court to reconsider the conditions of release fixed by

another judicial officer as unfettered as it would be if the district court were

considering whether to amend its own action").   Further, in making its *de novo*

review, the Court may rely on the record of the proceedings before the magistrate

judge and may also accept additional evidence. *See United States* v. *Marra, 165 F.*

*Supp.2d 478, 481 (W.D.N.Y. 2001) (citing Colombo, supra* at 98 n. 1; *Leon, supra* at 80;

*United States* v. *Delker*, 757 F.2d 1390, 1395-96 (3d Cir.1985)) (review of detention

orders).   Thus, the Court shall examine the issues anew and shall consider all of the

filings of the parties herein and shall utilize the factual and evidentiary record

developed during the detention hearing and all subsequent appearances before

Magistrate Judge Foschio in making its own findings and reaching its own

conclusions.   *Ibid*.; *United States* v. *Stevens*, 2005 U.S. Dist. LEXIS 7215, *5 (W.D.N.Y.

2005).

Originally, the government sought to detain the defendant herein.   Under the

Bail Reform Act (18 U.S.C. §3141 *et seq*.), pretrial detention is available pursuant to

18 U.S.C. §3142(e), which expressly authorizes detention of a defendant upon a

judicial finding that "no condition or combination of conditions will reasonably assure

the appearance of the [defendant] as required and the safety of any other person and

the community".   18 U.S.C. 3142(e); *see* 18 U.S.C. 3142(a)(2).   The government's

motion seeking detention is permitted only if the defendant is charged with one of the enumerated crimes — *viz.*, a crime of violence, an offense for which the sentence is life imprisonment or death, a serious drug offense or a felony committed by certain repeat offenders — or if there is a serious risk that the defendant will flee or obstruct or attempt to obstruct justice.  18 U.S.C. §3142(f).  Satisfaction of any one of these six categories triggers a mandatory detention hearing before a judicial officer.  18 U.S.C. 3142(f).  It is not argued that the defendant herein committed a crime of violence, an offense for which the sentence is life imprisonment or death, a serious drug offense, or is a repeat offender as defined by that statute.  The government in this case sought to detain the defendant only on the ground that he is a serious risk of flight.

Pretrial detention requires the Court to conduct a two-step inquiry.  First, as is relevant to the instant case, the Court must determine by a preponderance of the evidence that defendant presents a risk of flight.  *See, United States* v. *Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).  Once this determination has been made, the Court must determine whether any condition or combinations of conditions of release will reasonably assure defendant's appearance at trial.  *Ibid*.  The Magistrate Judge conducted a detention hearing on October 24, 2005 and, at the conclusion of such, denied the government's motion for detention and set the conditions for defendant's release.   While the Magistrate Judge did not make a specific finding that the defendant posed a serious risk of flight[16], the court did find that significant cash bail

---

[16]Nowhere during the course of the October 24, 2005 detention hearing did the (continued...)

would be sufficient to ensure his appearance at trial.   Among the conditions of release set by the Magistrate Judge was the requirement that defendant post $250,000 cash bail.

The defendant has been incarcerated since the date of his arrest on October 14, 2005.  He has not posted bail.  He claims that he is a poor man and unable to post the $250,000 cash and that it is excessive.

Factors which are relevant to the Court's decision today are as follows:

(a)     The defendant is a college educated professional with no relevant criminal history;

(b)     He is charged in a 128-Count indictment charging him with conspiracy and substantive mail and wire fraud crimes alleging a detailed conspiracy to defraud Niagara Mohawk Power Company over approximately a four year period involving the theft of a substantial amount of money.  These are crimes for which a penalty of up to 20 years imprisonment on the substantive counts and 5 years imprisonment on the conspiracy count may follow;

(c)     While the defendant is a United States citizen, his ties to this country are minimal.  He owns real property here, yet he has no job, spouse, children or other family members who reside here.  While he did own a business here at one time, prior

---

[16](...continued)
Magistrate Judge find that the defendant posed a serious risk of flight.  However, during a later appearance on a motion for reduction of bail (February 23, 2006), the Magistrate Judge asked what circumstances had changed in order to persuade him to reconsider his "previous finding that defendant was a flight risk".  Further, the imposition of the significant monetary bail implicates such a finding.

to his arrest he had closed that business.  He has a U.S. Passport (the government is currently in possession of this document), and it is noted that it is a replacement for a lost passport;

(d)     The defendant has strong ties to Canada.  He is a Canadian citizen and, until his current arrest, maintained a primary residence there.   His ex-wife and children live there.  There is evidence of financial accounts there to which defendant has had access such as Charter One Bank and Discover Card credit services.  He has a Canadian passport and, while the government is currently in possession of this document, it acknowledges that it has little control over the process should the defendant apply to Canadian authorities for a replacement document;

(e)     The defendant also has strong ties to India.  He is close with his family there (father and brother) and made regular trips there, the frequency and length of which had increased just prior to his arrest herein.  While the defendant represented to pre-trial services that he visited India approximately twice per year, travel documents provided by the government revealed that this travel increased to approximately three times per year in the several months prior to his arrest, with one trip lasting approximately three months. The Court does not find that this constitutes a significant increase or misrepresentation regarding the frequency of defendant's trips to India.  The defendant has stated that his travel increased due to his father's and brother's health difficulties and has willingly provided the telephone number and

address of his father and brother in India[17] in the event that the probation office or the government wishes to verify this claim.   There is evidence of financial accounts in India to which defendant has had access such as with Morgan Stanley and Citizens Bank branches there and HDFC Bank in Tirupati, India.   The Court makes no inference or finding that the defendant used these accounts in furtherance of the alleged crimes or to stockpile proceeds from the offenses.   It merely finds the evidence relevant to the extent that it establishes ties with India, a degree of financial ability to post bail and a lack of candidness on the part of the defendant with respect to his true financial condition;

(f)      The Ontario Family Court of Justice Financial Statement submitted by the defendant states that the defendant's interest in the Tabbyman Walk property as of the "date of valuation" (which was September 27, 2001) was $140,000.  The area on this form listed to reflect his interest in the property "today" (which was September 29, 2005) merely has the word "sold" written next to it.[18]   Defendant maintains that the Tabbyman Walk property was sold and the proceeds used to purchase the property at North Service Road which was lost to foreclosure and made part of the Canadian matrimonial proceedings.  The North Service Road property was sold at foreclosure for $775,000.   While information regarding the foreclosure and matrimonial proceedings was provided, nothing in any of the documents submitted

---

[17]See oral argument date July 21, 2006.

[18]It is also noted that the North Service Road property is also written in as "sold" and the Skinnersville Road Property reflects defendants interest "today" (9/29/05) as $40,000 (see *infra*).

confirms defendant's assertions that the proceeds of the Tabbyman Walk property were used to purchase the North Service Road property.  In fact, the mortgage document for the North Service Road property (Dkt. #33, attachment 1) indicated residence at the Tabbyman Walk property at the time the mortgage on the North Service Road property was filed on May 15, 2003.  There are no sale or transfer documents provided for the Tabbyman Walk property and the defendant's receipt or use of these proceeds is therefore unknown;

(g)    The defendant received $55,258.32 from the Canadian Imperial Bank of Commerce as payment of the net proceeds from the matrimonial proceedings which included the North Service Road foreclosure proceeds;

(h)    The defendant has submitted proof that he is now the sole owner of the property located at 641-E Skinnersville Road in Amherst, New York, previously held jointly with his ex-wife, and that the approximate value of such property is $60,000. (Dkt. #53, Ex. A);

(i)    Niagara Mohawk brought a civil action against defendant approximately two years prior to the indictment herein alleging the same acts of fraud as are contained in the indictment.  The defendant was aware that the attorney for Niagara Mohawk was a former prosecutor and was zealously pursuing a case against him. Defendant was also aware that the cooperating witness against him in this case was a former Niagara Mohawk employee who had entered into a civil settlement with Niagara Mohawk (which allowed him to retire and collect his pension benefits)

- 20 -

wherein he was placing the bulk of the blame on defendant, thereby strengthening the civil case against him.  Defendant was advised by his attorney during this time period that there existed a strong possibility of criminal charges and his arrest thereon.  The government admits that it purposely kept its criminal investigation covert.  During this time, the defendant continued his travel to and from the United States, India and Canada and also continued to defend against the civil case here, appearing for all proceedings relative thereto.  The defendant also appeared in local court in Amherst relative to criminal proceedings instigated by his ex-wife relative to their domestic problems;

(j)     The defendant has stated that, although born there, he is no longer a citizen of India, as he was required under Indian domestic law to renounce such citizenship when he obtained Canadian citizenship in 1987.  There has been no proof of such renunciation or requirement under the laws of India provided to the Court;

(k)     United States Probation and Pretrial Services has recommended that a reduction of bail is appropriate (Dkt. #61, Ex. 3).

Based on the above, the Court finds that the defendant poses a serious risk of flight but that there are conditions of release that will reasonably assure defendant's appearance at trial, among which will include the posting of a significant amount of bail.  While the Court finds that defendant's financial resources are less than the Magistrate Judge was led to believe, it also finds that the defendant has not been forthcoming about the true extent of his financial ability to post bail.

The Court will therefore modify the bail amount set by Magistrate Judge Foschio from $250,000 down to $100,000, half of which is to be posted in cash and the other half of which is to be secured by the aforementioned Skinnersville Road property in Amherst, New York.

The condition set by the Magistrate Judge that the defendant's travel be restricted to the province of Ontario and the Western District of New York is modified so as to prohibit all travel outside the Western District of New York.

All other conditions set by Magistrate Judge Foschio are affirmed and the following conditions added: (1) prior to his release, the defendant shall produce, to the satisfaction of the U.S. Probation and Pretrial Services department, evidence of his renunciation of his Indian citizenship or evidence of Indian domestic law which requires such in the event that an Indian citizen obtains citizenship in another country; (2) prior to his release, the defendant shall produce, to the satisfaction of the U.S. Probation and Pretrial Services department, evidence of the disposition or sale of the Tabbyman Walk property and proof that the proceeds thereof were used to purchase the North Service Road property.  In the event that the defendant fails to do so, the amount of the bail shall be increased to $150,000, two-thirds of which shall be posted in cash and one-third of which shall be secured by the Skinnersville Road Property; (3) defendant shall reside at the aforementioned Skinnersville Road property during the course of the proceedings herein and (4) defendant shall make no effort to obtain a passport from any government, foreign or domestic, during the course of the

proceedings herein and evidence of any effort to obtain such will be grounds for immediate revocation and forfeiture of bail and will result in the immediate detention of the defendant.

Therefore, it is accordingly

**ORDERED** that the defendant's appeal (Dkt. ##53, 54)[19] of Magistrate Judge Foschio's Decision and Order denying modification of bail is hereby partially granted in that the terms and conditions of defendant's release are modified as stated above. It is further

**ORDERED** that this matter is hereby referred back to Magistrate Judge Foschio to Report and Recommend on defendant's Motion to Dismiss (Dkt. #47).

DATED:        Buffalo, N.Y.

            February 5, 2007

_____/s/ John T. Elfvin_____
                    JOHN T. ELFVIN
                    S.U.S.D.J.

--------

[19]See fn. 3, *supra*.